■ In the Matter of IRIS WEINSHALL, as Commissioner of the New York City Department of Transportation, et al., Appellants, v MARINE ENGINEERS' BENEFICIAL ASSOCIATION et al., Respondents. [854 NYS2d 9]—

"An arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached'" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006], *cert dismissed* — US —, 127 S Ct 34 [2006]). Clear evidence supports the arbitrator's decision.

A public policy the violation of which warrants vacatur of an arbitration award must entail "strong and well-defined policy considerations embodied in constitutional, statutory or common law [that] prohibit a particular matter from being decided or certain relief from being granted by an arbitrator" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327 [1999]). Based on the practices in effect at the time, and the lack of clarity or training in connection with the directive in question, the IAS court properly confirmed the arbitrator's award.

We have considered petitioners' remaining arguments and find them unavailing. Concur—Lippman, P.J., Andrias, Williams and McGuire, JJ. [*See* 13 Misc 3d 1216(A), 2006 NY Slip Op 51850(U).]